NOT DESIGNATED FOR PUBLICATION

No. 112,288

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JIMMY L. WILSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM SIOUX WOOLLEY, judge. Opinion filed February 12, 2016. Appeal dismissed.

*Carl F.A. Maughan*, of Maughan Law Group, of Wichita, for appellant.

*Brian Yearout*, legal intern, *Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., ATCHESON, J., and WALKER, S.J.

*Per Curiam*: Defendant Jimmy Wilson has appealed rulings of the Sedgwick County District Court denying his motions to withdraw his pleas to two felony charges and to correct an illegal sentence. Wilson, however, has never filed a notice of appeal as to those rulings. That is a jurisdictional defect, and we cannot consider the arguments presented in his brief. We, therefore, dismiss this appeal for lack of jurisdiction.

This case appears to have fallen into a bureaucratic morass. We outline the problem by way of explaining the dismissal.

1

In this case, Wilson pleaded guilty to aggravated battery and aggravated assault pursuant to an agreement with the State. In the meantime, Wilson was charged in a second case with aggravated robbery and pleaded to that felony. Although the two cases were never consolidated, the district court conducted a single sentencing hearing in November 2013. Wilson received a mitigated guidelines sentence of 30 months in this case to be served consecutive to a 90-month sentence in the aggravated robbery case.

A week after the sentencing hearing, Wilson drafted and filed a single notice of appeal identifying both cases. Before a docketing statement was filed in either appeal, which would have deprived the district court of jurisdiction, Wilson filed a motion to correct illegal sentences in both cases on the grounds his criminal history had been inaccurately determined. The district court appointed a lawyer to represent Wilson on the motions in both cases. The lawyer then filed motions to withdraw Wilson's pleas in both cases.

On June 19, 2014, the district court denied all of Wilson's motions. There is a short discussion referring to Wilson's lawyer having communicated with the Appellate Defender's Office about staying the docketing of the appeals while the motions were being considered. The Appellate Defender's Office apparently withdrew from representing Wilson because of a conflict of interest. For reasons that are not immediately clear from the record, Wilson wound up with a new appointed lawyer to handle the appeal of this case and yet another appointed lawyer for the appeal of the aggravated robbery case.

The lawyer handling this appeal requested leave to docket the appeal out of time. This court granted the request, and the lawyer duly filed a docketing statement. After several continuances, the lawyer filed a brief addressing the merits of the district court's rulings denying Wilson's motion to withdraw his plea in this case and to correct his 30-

2

month sentence. In its responsive brief, the State pointed out that neither Wilson nor a lawyer acting on his behalf had ever filed a notice of appeal from those rulings.

The right to appeal is statutory, and a defendant must timely file a notice of appeal to effect that right. *State v. J.D.H.*, 48 Kan. App. 2d 454, 458, 294 P.3d 343, *rev. denied* 297 Kan. 1251 (2013). The failure to timely file a notice deprives the appellate courts of jurisdiction to hear the case. *State v. Gill*, 287 Kan. 289, 294, 196 P.3d 369 (2008). There are avenues available to a criminal defendant to file a late notice of appeal in some circumstances, but Wilson has not attempted to do so.

Everybody agrees the only notice of appeal filed in this case is the one Wilson filed himself in November 2013.

Although notices of appeal should be liberally construed, they cannot be expanded beyond the fair import of their language. See *State v. Laurel*, 299 Kan. 668, 673-74, 325 P.3d 1154 (2014). Here, Wilson's notice of appeal could not possibly be construed to cover the motions to withdraw his plea and to correct his sentence. They had not even been filed with the district court, let alone decided, when he filed the notice. And the text of the notice, not surprisingly, fails to mention those motions. Arguably, the notice of appeal could be construed as a postsentencing motion to withdraw the pleas. But that wouldn't advance Wilson's cause at this stage. It would simply mean *no* notice of appeal had been filed in this case.

By rule, the Kansas Supreme Court permits premature appeals. Rule 2.03(a) (2015 Kan. Ct. R. Annot. 13). A notice of appeal will be considered effective if it is filed after a district court announces a judgment but before the actual entry of the judgment. Wilson's notice of appeal does not fit within Rule 2.03, since the district court had announced no rulings on his yet-to-be-filed motions.

In short, Wilson has not filed a notice of appeal covering the district court's rulings on his motions to withdraw his plea and to correct an illegal sentence in this case. He has raised no other substantive points for consideration in this court. We have no jurisdiction to proceed.

Appeal dismissed.